UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CR. NO. 3:26-CR- 9 |
| v. | : |
| | : |
| CHARLES WESLEY, and | : |
| ABDUL SHEPPARD, | : (Judge Mannion) |
| | : |
| Defendants. | : |

INDICTMENT

FILED
SCRANTON
JAN 27 2026
PER____DJ
DEPUTY CLERK

COUNT 1
21 U.S.C. § 846
(Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine)

From on or about September 1, 2025, and continuing to on or about January 21, 2026, in Schuylkill County, in the Middle District of Pennsylvania, and elsewhere, the defendants,

CHARLES WESLEY and ABDUL SHEPPARD,

did knowingly, intentionally, and unlawfully, combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit the following offenses against the United States: to knowingly, intentionally, and unlawfully distribute and possess with intent to distribute 500 grams and more of a mixture and

substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

Before **CHARLES WESLEY**, committed the offense charged in this Count, **CHARLES WESLEY** had a final conviction for a serious drug felony, namely a conviction in under N.J. Stat. Ann §2C:35-5(a)(1), Manufacturing, Distributing, or Dispensing a Controlled Dangerous Substance, (Case No. 19002726, Camden County Superior Court(NJ)), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

THE GRAND JURY FURTHER CHARGES:

### COUNT 2
21 U.S.C. § 841(a)(1)
(Distribution of Methamphetamine)

On or about January 21, 2026, in Schuylkill County, within the Middle District of Pennsylvania, and elsewhere, the defendants,

**CHARLES WESLEY and ABDUL SHEPPARD**,

2

aiding and abetting and aided and abetted by each other, did knowingly and intentionally distribute and possess with intent to distribute 500 grams and more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

Before **CHARLES WESLEY,** committed the offense charged in this Count, **CHARLES WESLEY** had a final conviction for a serious drug felony, namely a conviction in under N.J. Stat. Ann §2C:35-5(a)(1), Manufacturing, Distributing, or Dispensing a Controlled Dangerous Substance, (Case No. 19002726, Camden County Superior Court(NJ)), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

THE GRAND JURY FURTHER ALLEGES:

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 and 2 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841(a)(1) or 846, the defendants,

**CHARLES WESLEY and ABDUL SHEPPARD,**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

3. By virtue of the commission of the offense charged in Counts 1 and 2 of this Indictment by the defendants, **CHARLES WESLEY and ABDUL SHEPPARD** any and all right, title, and interest the defendant may have had in any of the property involved in or traceable to the offense alleged in Counts 1 and 2 of this Indictment, is

vested in the United States and is hereby forfeited to the United States pursuant to Title 21, United States Code, Section 853.

4. If any of the property involved in or traceable to the offense alleged in Counts 1 and 2 of this Indictment, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

BRIAN D. MILLER
United States Attorney

_____
FOREPERSON

JAMES M. BUCHANAN
Assistant United States Attorney

1/27/2026
Date

6